**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY DEAN, SR., | ) | CASE NO. 5:26-cv-2071 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| JUDGE JAMES SILVER, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Randy Dean, Sr. ("Dean") filed this action against defendants, Judge James Silver ("Judge Silver") and Judge Mark Fankhauser ("Judge Frankhauser").[1] Dean's complaint is very brief and nearly indecipherable. (*See generally* Doc. No. 1 (Complaint).) Dean alleges that he sustained head trauma and physical injuries in a motor vehicle accident. (*Id.* at 4.) Pertinent to the present action, Dean alleges he was mistreated by Judge Silver because Judge Silver ordered him to undergo a psychiatric evaluation. (*Id.*) Specifically, a state court judgment entry appended to the complaint reflects that Judge Silver ordered Dean to submit to a mental health evaluation for the purpose of determining whether he was competent to stand trial in a criminal matter. (Doc. No. 1-2 (Judgment Entry), at 1.)[2] Dean also claims he fell in a restroom in the probation

[1] Judge Fankhauser passed away February 15, 2026. (https://www.sscfuneralhomes.com/obituaries/mark-fankhauser, last visited 9/29/2026.) Judge Silver is a Kent-based attorney who, at times, serves as acting judge for the Portage County Municipal Court.

[2] The Court may take judicial notice of the proceedings in other courts. *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020); *Rodric v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted). From the judgment entry, it appears that Judge Silver was serving as acting judge in place of Judge Frankhauser, who was assigned to preside over Dean's criminal case prior to his death.

department, hit his head on a wall and urinated on himself.[3] The complaint fails to identify in any way the legal claims Dean intends to assert. The complaint does, however, request monetary damages in the amount of $1,000,000.00. (*Id.* at 4.)

Dean also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2.) Dean's application is granted.

## I. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above

---

[3] This allegation was also the subject of *Dean v. Portage Cnty. Probation Dep't*, No. 5:26-cv-1791 (N.D. Ohio), which was dismissed on the merits on August 28, 2026. (*See* No. 5:26-cv-1791, Doc. No. 3 (Memorandum Opinion & Order); Doc. No. 4 (Judgment Entry).) In that action, Dean alleged that at the time he fell, he was providing a urine sample as required by the terms of his probation. (*See id.*, Doc. No. 1 (Complaint), at 4.)

the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## II. ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to submit a short, plain and concise statement of his or her claims and requested relief. Fed. R. Civ. P. 8(a). To meet the minimum notice pleading requirements of Rule 8, the complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This complaint does not identify any legal claims or the grounds upon which they rest, and, therefore, fails to provide defendants with fair notice of Dean's claims. Without such notice, Dean fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.[4]

Finally, the Court takes notice that this is the eighth case Dean has filed in the Northern District of Ohio in a matter of weeks. *See Dean v. Portage Cnty. Probation Dep't*, No. 5:26-cv-

[4] While the factual allegations in the complaint are insufficient to discern any particular federal claim, it is likely that Judge Silver would be absolutely immune from civil liability, regardless of the nature of the federal cause of action. "It is well settled that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (quotation marks and citation omitted). Judicial immunity from damages can only be overcome by showing that a judge's challenged action was "nonjudicial," or that the judge acted "in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Here, the only allegation directed to Judge Silver involves his order requiring a mental health evaluation. (Doc. No. 1, at 4.) Such an order is clearly judicial in nature, and performed within his jurisdiction over a particular case. Accordingly, Judge Silver would almost certainly be absolutely immune from suit.

1791 (N.D. Ohio) (filed July 30, 2026) (dismissed Aug. 28, 2026) (Adams, J.); *Dean v. Brimfield Police Dep't.*, No. 5:26-cv-1841 (N.D. Ohio) (filed Aug. 5, 2026) (Adams, J.); *Dean v. Brimfield Police Dep't*, No. 5:26-cv-1842 (N.D. Ohio) (filed Aug. 5, 2026) (dismissed Sept. 4, 2026) (Adams, J.); *Dean v. Portage Cnty. Bldg. Dep't*, No. 5:26-cv-1875, (N.D. Ohio) (filed Aug. 10, 2026) (dismissed Sept. 17, 2026) (Adams, J.); *Dean v. Cook*, No. 5:26-cv-1901 (N.D. Ohio) (filed Aug. 12, 2026) (dismissed Sept. 4, 2026) (Pearson, J.); *Dean v. Rapp*, No. 5:26-cv-1967 (N.D. Ohio) (filed Aug. 18, 2026) (Lioi, J.); *Dean v. Doherty*, No. 5:26-cv-2001 (N.D. Ohio) (filed Aug. 21, 2026) (dismissed Sept. 30, 2026) (Pearson, J.). All of these cases are similar to the present matter: each case attacks various Portage County Judges and/or agencies, using equally limited factual allegations. To date, five of these cases have been dismissed on initial screening. *See supra*. Dean is cautioned that if he continues to file repetitive or frivolous cases in this Court, the Court may impose sanctions such as restricting him from proceeding *in forma pauperis* or enjoining him from filing any new action without first seeking and obtaining leave of court.

## III. CONCLUSION

For all the foregoing reasons, Dean's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 1, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**